WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Hernan Ramirez-Ortega,<br><br>Defendant. | No. CR-11-02307-001-TUC-CKJ (CRP)<br><br>**ORDER** |

Before the Court is Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 79). For the reasons that follow, Defendant's motion is denied, and this case remains closed.

## BACKGROUND

On May 9, 2013, Defendant Hernan Ramirez-Ortega pleaded guilty to one count of Aggravated Sexual Abuse, in violation of 18 U.S.C. §§ 2241(a)(1), 2246(2)(A) and 1153, and one count of Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(1), 2246(3) and 1152. (Doc. 47 at 1) Three years earlier, Defendant was residing at his then-girlfriend's home when he became acquainted with the woman's eleven-year-old niece. (D. 58 at 5)[1] Defendant subsequently molested and impregnated the girl causing her to ultimately have his child. *Id.* Five months after assaulting his middle-school victim, Defendant assaulted a different female by fondling her genitals over her clothing. (Doc.

---

[1] This docket entry refers to case number 12-cr-1295.

47 at 13)

On February 25, 2012, Defendant was arrested and ordered detained. (Doc. 4) On February 7, 2014, the Court sentenced Defendant to twenty-five years' incarceration followed by twenty years of supervised release on the Aggravated Sexual Abuse count and two years incarceration, to run consecutively, and twenty years of supervised release, to run concurrently, on the Abusive Sexual Contact count. (Doc. 66) To date, Defendant has served a little over nine years (one-third) of his twenty-seven-year sentence.

## PROCEDURAL HISTORY

On December 21, 2020, Defendant filed his Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On March 17, 2021, the Government filed its sealed Response to Defendant's Motion for Compassionate Release. (Doc. 89) On March 29, 2021, the Government re-filed its Response to Defendant's Motion for Compassionate Release on the case docket. (Doc. 92) Defendant failed to file a reply. This Order follows.

## LEGAL STANDARD

"In 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), to reduce the disparate treatment of offenders who dealt crack cocaine compared to offenders who dealt powder cocaine." *United States v. Kelley*, 962 F.3d 470, 471-72 (9th Cir. 2020). On December 21, 2018, "[e]ight years after the Fair Sentencing Act, Congress enacted the First Step Act to implement various criminal-justice reforms." *Id.* at 472. "The Act was the culmination of several years of congressional debate about what Congress might do to reduce the size of the federal prison population while also creating mechanisms to maintain public safety." Timothy A. Scott & Larry A. Burns, *Ninth Circuit Criminal Handbook* § 14.18[3] (2020). Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release.

Section 603(b) of the First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), with the intent of "increasing the use and transparency of

compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). The statute now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A).

A court's reduction of a sentence under 18 U.S.C. § 3582(c)(1)(A) is extraordinary and reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. § 571.60. The U.S. Court of Appeals for the Ninth Circuit has interpreted the First Step Act as "not permitting a plenary resentencing hearing" but instead allowing a district court to engage in a limited counterfactual inquiry. *Kelley*, 962 F.3d at 475-76. Notwithstanding a court's limited counterfactual inquiry, the Act itself grants federal courts broad discretion in determining whether to grant compassionate release. *See* First Step Act, § 404(c), 132 Stat. 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to his section."); *United States v. Parker*, 461 F. Supp. 3d 966, 974 (C.D. Cal. 2020) (internal quotation marks, alterations, and citation omitted) ("The FSA grants broad discretion to the district courts in providing relief.").

Section 3582, as amended by the First Step Act, provides:

> **Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--(1) in any case--(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination

>has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C.A. § 3582(c)(1)(A) (West).  The U.S. Court of the Appeals for the Ninth Circuit recently determined that "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant. The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021).

When assessing whether a defendant remains a danger to the community, the compassionate release statute directs the BOP to consult the factors listed in 18 U.S.C. § 3142(g).  *Id*. § 3582(c)(1)(A)(ii).  Presumably, these factors may also "inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant."  *Aruda*, 2021 WL 1307884, at *4.  The factors include: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . , or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g)(1)-(4).  It is the defendant's burden to prove that he would not pose a danger to the safety of the community if released.[2]

## ANALYSIS

Defendant is forty-six years old and suffers from chronic neck, head, and right knee pain.  (Doc. 79 at 4-5)  Defendant also suffers from temporomandibular joint (TMJ)

---

[2] *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("As a general matter, principles as to the allocation of burden of proof rest on goals and access . . . If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); *United States v. Gotti*, 433 F. Supp. 3d 613, 619 (S.D. N.Y. 2020) (finding that the defendant "has the burden of showing that 'extraordinary and compelling reasons' to reduce his sentence exist").

syndrome and alleges he has been told that he has a Body Mass Index (BMI) over 30. *Id*. Defendant concedes that while incarcerated he has been involved in multiple "minor" disciplinary violations, including being absent from an assignment, possessing a hazardous tool, and improper use of drugs or alcohol. *Id*. at 4. Defendant also admits that he "erroneously asserted" that he was fifty-three years old and had been incarcerated since January 2011 in his request to the BOP for compassionate release. *Id*. at 5-6.[3]

Defendant brings the motion at hand requesting that the Court reduce his sentence to time served due to "extraordinary and compelling reasons." *Id*. at 1. Those reasons include the contentions that he has served nearly ten years of his sentence; he fails to pose a danger to the community if released; he would be released back to his home country of Honduras and not into the general population of the United States; he had a limited criminal history prior to serving his current sentence; and a substantial reduction in his already lengthy prison sentence would reflect the seriousness of his offense and provide the requisite deterrent effect on the public at large. *Id*. at 6-11.

In response, the Government argues that the Court should deny Defendant's request because he has failed to demonstrate the "extraordinary and compelling reasons" necessary to grant a motion for compassionate release. (Doc. 92 at 1) It asserts that Defendant has failed to show that a sentence reduction would comport with the Sentencing Commission's applicable policy statement(s) and that the record fails to support his contention that his health puts him at higher risk of severe illness and that his medical conditions constitute "extraordinary and compelling" reasons warranting immediate release. *Id*. In conclusion, the Government argues that the § 3553(a) factors weigh against reducing Defendant's sentence and that he remains a danger to the safety of the community if released. *Id*.

The Court agrees with the Government and finds that Defendant fails to demonstrate an extraordinary and compelling reason for his early release from prison. While Defendant asserts that he suffers from several severe medical conditions, he has failed to offer any

---

[3] The Court notes that Defendant's motion for compassionate release repeatedly asserts that Defendant is forty-seven years old, while his prison records demonstrate that he is forty-six years old, with a date of birth of May 16, 1974. *See* Doc. 81 at 14.

persuasive support indicating that those conditions are serious enough to mandate early release.  The CDC indicates that obesity can make it more likely for an individual to get severely ill from COVID-19,[4] but Defendant fails to demonstrate that his BMI is over 30.[5] Defendant also fails to provide any caselaw that supports early release for a defendant— regardless of his medical condition—who has been convicted of molesting and impregnating an eleven-year-old girl and sexually assaulting another victim months later, while only serving one-third of his twenty-seven year sentence.  The Court reasonably presumes no such situation exists.

This finding, in addition to the Court's previous elucidation of the § 3553(a) factors at sentencing—which included its findings that Defendant's conduct caused substantial psychological harm to the underage victim, that Defendant's behavior represented an extreme scenario which went beyond traditional sentencing guidelines, that Defendant posed a threat to the safety of the community because he engaged in two separate instances of sexual abuse on two separate victims, and that Defendant maintained a long history of residing in the country illegally—weighs against granting Defendant relief.  Accordingly, in exercising this Court's discretion, Defendant's request for sentencing relief under the compassionate release statute is denied.

---

[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#MedicalConditionsAdults (last visited April 13, 2021).

[5] The Government highlights the fact that Defendant's most recent medical records demonstrate that, at his heaviest, Defendant had a BMI of 25.78, which puts him narrowly over the threshold of being in a "normal weight category."  (Doc. 92 at 4)

**IT IS ORDERED:**

1. Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 79) is DENIED.

2. This case remains CLOSED.

Dated this 14th day of April, 2021.

_____
Honorable Cindy K. Jorgenson
United States District Judge