**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Hernan Ramirez-Ortega,<br><br>　　　　　Defendant. | No. CR-11-02307-001-TUC-CKJ (CRP)<br><br>**ORDER** |

A year ago, on April 14, 2021, the Court denied Defendant's (First) Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Motion for Compassionate Release). Nothing in the way of the facts has changed, but the Defendant reframes the issues warranting a sentence reduction and release. He has moved away from relying on medical conditions that place him at risk due to COVID-19, which this Court found were not persuasive, singularly or in combination, to be serious enough to mandate early release. Now, expressly, he does not "necessarily address [his] physical health as the reason warranting [his] early release." (Second Motion (Doc. 94) at 3.) Instead, he argues that because his sentence had to be served during the COVID pandemic, the sentence was more severe than it would have been otherwise. He describes the "terribly small prison cells" which due to COVID protocols required confinement for 23 to 24 hours a day, with no human contact, and absolutely no contact with loved ones outside the prison; "moldy or expired food—and being fed through a slot in the door like we were less than human;" hygiene and cleaning supplies rarely issued, and all these conditions in combination

making him feel sick and unwell all the time. "As part and parcel of this argument, [he] also question[s] the legality and fairness of Congress's implementation of the First Step Act and its blanket ineligibility for removable aliens" from § 3624(c), which allows eligible prisoners "to typically receive 6 to 12 months placement in a Residential Reentry Center/halfway house." ((Second) Motion (Doc. 94) at 3.) Defendant is a "removable alien" and not eligible for residential reentry programs.

Plaintiff argues that under *United States v. Ruvalcaba*, 26 F.4th 14 (1st Cir. 2022), courts are free on a case-by-case basis to address such circumstances, singularly or in combination, as extraordinary and compelling reason to grant compassionate release motions. *See United States v. Chen,* 48 F.4th 1092, 1096 (9th Cir. 2022) (what constitutes extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) lies squarely within the district court's discretion).

Plaintiff is correct that over the past couple of years, the law has become clear that the district courts have broad discretion to assess on a case-by-case basis whether extraordinary and compelling reasons exist to grant compassionate release.

<u>Motion for Compassionate Release: 18 U.S.C. § 3582(c)(1)(A)</u>

"[A] federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). Congress created a limited exception to the rule of finality, pursuant to the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, 98 Stat. 1837, which authorizes courts to grant compassionate release when "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). This is a "narrow" remedy because compassionate release "derogates" from the important principle of finality. *United States v. Wright*, 46 F.4th 938, 945 (2022) (citing *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

Within this narrow exception to the rule of finality, the Court exercises broad discretion to grant compassionate release. "In *Concepcion v. United States*, the Supreme Court recently stated that '[i]t is only when Congress or the Constitution limits the scope

of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's discretion to consider information is restrained.'––– U.S. ––––, 142 S. Ct. 2389, 2396, 213 L.Ed.2d 731 (2022)." *United States v. Chen,* 48 F.4th 1092, 1095 (9th Cir. 2022). In *Chen,* the Ninth Circuit applied *Concepcion* in the context of a motion for compassionate release asserting error where the court refused to consider judicial changes to sentencing law, including non-retroactive changes. In the Ninth Circuit, what constitutes extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) lies squarely within the district court's discretion. *Id.* at 1096. The power to grant compassionate release "is discretionary, not mandatory." *Wright*, 46 F.4th at 945.

In *Chen,* espousing on the Supreme Court's finding in *Concepcion* that a district court's discretion is limited only by Congress or the Constitution, the court held as follows:

> With regard to § 3582(c)(1)(A), Congress has only twice directly addressed what can be considered "extraordinary and compelling." First, the definition of extraordinary and compelling is bound by any applicable policy statements from the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); 28 U.S.C. § 994(t). Second, in 28 U.S.C. § 994(t), Congress explained that '[r]ehabilitation ... alone' cannot be extraordinary and compelling.

*Chen,* 48 F.4th at 1096*, see also Concepcion*, 142 S. Ct. at 2394 (noting FSA limitations in § 404(c) precluding FSA motion if the movant's sentence was already reduced under the FSA or if the court considered and rejected FSA motion[1]).

---

[1] The Government has not argued that the Court's denial of the (First) Motion for Compassionate Release was made after a complete review on the merits and, therefore, § 404(c) applies, which precludes review, as follows: "or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194. *See United States v. Moore*, 963 F.3d 725, 728 (8th Cir. 2020) (cleaned up) ("A 'complete review of the motion' means that a district court considered petitioner's arguments in the motion and had a reasoned basis for its decision.")
    The Court finds that irrespective of the change in presentation of the issues since Defendant's prior motion, the Court in its prior Order made a complete review of the issues presented now, and it advised the parties of its analysis and considered their briefs and exhibits, and explained why the court concluded that Defendant's initial sentence was "sufficient but not greater than necessary to address the essential sentencing considerations." This was sufficient to satisfy § 404(c) because the Court considered the

After *Chen,* this Court follows *Keller* when reviewing a motion for compassionate release under § 3582(c)(1)(A)(i) and considers: 1) whether "extraordinary and compelling reasons" warrant a sentence reduction or release and 2) "the factors set forth in section 3553(a) to the extent that they are applicable." *Keller,* 2 F.4th at 1283-84. There are no Sentencing Commission policy statements "applicable" to § 3582(c)(1)(A) motions filed directly by a defendant, therefore, the Sentencing Commission's policy statements for BOP compassionate release motions, U.S.S.G. § 1B1.13, may only inform a district court's discretion for § 3582(c)(1)(A) motions by defendants, but are not binding. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Motions brought under § 3582(c)(1)(A)(i) require a court to perform a sequential inquiry before it grants compassionate release, but a district court that properly denies compassionate release based on § 3553 grounds need not evaluate each step. *Keller* at 1284. And, even if the Court finds extraordinary and compelling reasons to warrant compassionate relief, it must still be denied if a defendant fails to satisfy the sentencing factors in section 3553(a) to warrant a reduced sentence. *Wright,* 46 F.4th at 945.

<u>Plaintiff's Case for Compassionate Release</u>

Defendant pleaded guilty on May 9, 2013, to one count of Aggravated Sexual Abuse, in violation of 18 U.S.C. §§ 2241(a)(1), 2246(2)(A) and 1153, and one count of Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(1), 2246(3) and 1152. The facts of the offense reflect that the Defendant was residing at his then girlfriend's house when he became acquainted with the woman's eleven-year-old niece. He subsequently molested and impregnated the girl resulting in her giving birth to a baby. Five months after assaulting the middle-school victim, Defendant assaulted an adult female by fondling her genitals over her clothing

---

parties' arguments and had a reasoned basis for exercising it's legal decision-making authority. *Rita v. United States*, 551 U.S. 338, 356 (2007). Alternatively, the Court finds that the (Second) Motion for Compassionate Release, like the first motion, fails on the merits.

On February 25, 2012, Defendant was arrested and ordered detained. On February 7, 2014, the Court sentenced Defendant to twenty-five years in prison followed by twenty years of supervised release on the Aggravated Sexual Abuse count and two-years in prison, to run consecutively, and twenty years of supervised release, to run concurrently, on the Abusive Sexual Contact count. He has now served about 10 years of his twenty-seven-year sentence.

The Court adopts the reasoning as explained in its earlier Order for denying the (First) Motion for Compassionate Release. In short, nothing regarding Defendant's health and/or medical conditions make him a candidate for compassionate release. *See* (Order (Doc. 93) at 5-6 (finding his alleged medical complaints are not extraordinary or compelling)). *See* (First Resp. (Doc. 92) at 3-5 (reflecting Defendant's medical presentation as "unremarkable," and he is otherwise healthy, normal individual), (Second Resp. (Doc. 100) at 2-6, 7, 9-10 (same)).

Defendant's argument that serving time during the COVID pandemic is an extraordinary and compelling reason for early release fails because its universal application defeats any notion of an extraordinary circumstance. Even combined with the more limiting fact that Plaintiff, who is an illegal alien, may not benefit from early release programs to a Residential Reentry Center/halfway house, his arguments again would apply to all illegal aliens incarcerated during the pandemic. The Court rejects the Plaintiff's argument that serving this sentence during the COVID-19 pandemic increased its severity, thereby, making it not the kind of sentence available for aggravated sexual abuse of a minor and abusive sexual contact. Severity in living conditions and everyday life increased during the COVID pandemic for all people and weighed more heavily on some than others, generally, in correspondence to socio-economic factors. The issues raised by the Plaintiff to support his (Second) Motion for Compassionate Release are not extraordinary and compelling reasons to reduce his sentence or grant compassionate release.

When this Court denied the (First) Motion for Compassionate Release, it did so based on its conclusion that Defendant posed a danger to the safety of other persons in the

community. The Court will not, as Defendant suggests, consider that he will be deported from this country upon his release to assess the risk to the community that may flow from his release. Danger to a community is not limited to a geographic location in the United States where the offense of conviction has effects abroad. *United States v. Hir*, 517 F.3d 1081, 1088-89 (9th Cir. 2008). If released, the Defendant would be deported and pose a risk to women in communities in Honduras. As it did in the first Order denying relief, the Court goes back to its "elucidation of the § 3553(a) factors at sentencing—which included its findings that Defendant's conduct caused substantial psychological harm to the underage victim, that Defendant's behavior represented an extreme scenario which went beyond traditional sentencing guidelines, that Defendant posed a threat to the safety of the community because he engaged in two separate instances of sexual abuse on two separate victims, and that Defendant maintained a long history of residing in the country illegally—weighs against granting Defendant relief." (Order (Doc. 93) at 6.)

The Court is not persuaded that Plaintiff has undergone extraordinary rehabilitation. "As noted in the government's response to the defendant's first petition, Defendant still has not expressed remorse for his crimes; nor has he shown that he has gained any greater insight into his behavior during the almost 11 years he has been in prison. For example, in one health screening report, the medical professional noted that Defendant "'denie[d] being a perpetrator of sexual abuse, emotional abuse, or physical abuse . . . .'" (Second Resp. (Doc. 100) at 10 (quoting First Resp. (Doc. 92), BOP Health Screen. 11/05/2019 at 21)). There is no update reflecting any sense of contrition by the Defendant regarding the pain and trauma he caused the victims, especially the child he impregnated. It remains true that he has not engaged in sex offender treatment. *See* (First Resp. (Doc. 92) at 15-16.) "As can be observed from the defendant's Individualized Needs Plan today, he still has a host of recommended programs to complete and some that he even refuses to do." (Second Resp. (Doc. 100) at 11 (citing Doc. 94) at 9)). Because his offenses are sex crimes, the Court does not agree that he is a low-level for recidivism, especially based on the existing rehabilitation record.

In the context of considering the merits of Plaintiff's assertions of extraordinary and compelling reasons, including rehabilitation, the Court affirms its decision to look to the Sentencing Commission's statements in U.S.S.G. § 1B1.13 "to inform its discretion for § 3582(c)(1)(A) motions filed by a defendant, but notes they are not binding." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021). When assessing whether a defendant remains a danger to the community, the compassionate release statute directs the BOP to consult the factors listed in 18 U.S.C. § 3142(g). *Id.* § 3582(c)(1)(A)(ii), and the Court presumes that these factors also "inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant." (Order (Doc. 93) at 4) (citing *Aruda*, 2021 WL 1307884, at *4)). "The factors include: '(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . , or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.'" *Id.* (quoting 18 U.S.C. § 3142(g)(1)-(4)). It is the defendant's burden to prove that he would not pose a danger to the safety of the community if released. *Id.* at 4 n.2.

Again, the Court finds that a sentence reduction would not comport with these policy statements, especially given the fierce nature and circumstances of the offense, involving a minor victim, and because the nature and seriousness of the danger to any person or community that he would pose, if released.

Likewise, the Court denies the motion under 18 U.S.C. § 3553. The Court's imposed 27-year sentence was appropriately sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offenses, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. It also provided for needed educational or vocational training, medical care, or/and other correctional treatment. The Plaintiff's sentence was of

1  a kind available for such offenses and within the sentencing range established for these
2  offenses.
3      Exercising its broad discretion, the Court finds no extraordinary or compelling
4  reasons to grant Defendant relief under the narrow exception to the rule of finality, pursuant
5  to the 18 U.S.C. 3582(c).
6      **Accordingly,**
7      **IT IS ORDERED** adopting the findings of fact and conclusions of law set out in
8  the Order (Doc. 93) denying the (First) Motion to Reduce Sentence Pursuant to 18 U.S.C.
9  § 3582(c)(1)(A)(i).
10     **IT IS FURTHER ORDERED** that the (Second Motion to Reduce Sentence)
11 Petition for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), . . . ; and
12 Coterminous Motion for Appointment of Counsel (Doc. 94) is DENIED.
13     **IT IS FURTHER ORDERED** that this case remains closed.
14     **Dated this 4th day of April, 2023.**

_____
Honorable Cindy K. Jorgenson
United States District Judge